IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID MARBRA #L6668                                                       PETITIONER

V.                                                                         1:06cv222-LG-RHW

LAWRENCE KELLY and JIM HOOD                                    RESPONDENTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

Before the Court are [1] the Petition of David Marbra for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, filed on or about March 8, 2006,[1] and [5] Respondent's May 10, 2006 Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d).  Petitioner filed no response to the motion, and on August 11, 2006, the Court ordered Petitioner, on or before August 31, 2006, to show cause why the case should not be dismissed as time-barred [9].   Petitioner filed his response August 24, 2006 [10].  After review of the pleadings and records on file it is the opinion of the undersigned U.S. Magistrate Judge that Respondent's Motion to Dismiss is well taken and should be granted.

FACTS AND PROCEDURAL HISTORY

On July 17, 2003, Petitioner David Marbra was convicted of murder by a Jackson County Circuit Court jury, and sentenced by the court to serve life imprisonment in the custody of the Mississippi Department of Corrections.  The Mississippi Court of Appeals affirmed Marbra's conviction and sentence on November 2, 2004.  *Marbra v. State*, 904 So.2d 1169 (Miss. 2004).

---

[1] The Court deems the petition filed March 8, 2006, the date Petitioner executed it, although it was not physically filed by the Clerk until March 20, 2006.

1

Marbra filed no timely motion for rehearing pursuant to Rule 40 of the Mississippi Rules of Appellate Procedure,[2] though his attorney filed a motion December 13, 2004 requesting additional time to file a motion for rehearing, and a motion seeking leave to file an out-of-time motion for rehearing on December 20, 2004.  The Mississippi Court of Appeals denied both motions as untimely, the first by order entered December 15, 2004, and the second, by order entered January 5, 2005.

On or about January 2, 2006, Marbra filed application with the Mississippi Supreme Court to proceed in the trial court with a post-conviction motion.[3]  The certificate on the application is dated January 2, 2006; the copy provided to this Court as Exhibit D is stamped received January 5, 2006.  The Supreme Court denied Marbra's application by order entered February 1, 2006.  As previously stated, Marbra filed the present petition for federal habeas relief on or about March 8, 2006.

## DISCUSSION

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] "A motion for rehearing may be filed within 14 days after a decision is handed down on the merits of a case by the Supreme Court or the Court of Appeals...." M.R.A.P. 40(a).

[3] Mississippi Code Ann. § 99-39-7 provides that when a conviction/sentence has been affirmed on appeal, a motion for post-conviction relief "**shall not be filed** in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court." (Emphasis added)

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United states is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The Mississippi Court of Appeals affirmed Marbra's conviction and sentence on November 2, 2004. Marbra had fourteen (14) days from that date to file a petition for rehearing before the Mississippi Court of Appeals. Miss. R. App. Proc. 40. By failing to file a timely petition, Marbra waived the right to pursue review in the United States Supreme Court by way of a petition for writ of certiorari. See, *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) ("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'") As a result, at the expiration of the 14-day period on November 16, 2004, Marbra's conviction became final and the one-year limitations period for filing a federal habeas corpus petition began to run. Marbra did not properly file application for post-conviction relief before the limitations period expired on November 16, 2005, hence there was no tolling under 28 U.S.C. § 2244(d)(2). *See, e.g., Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119

S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F. 3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).  Marbra's March 8, 2006 habeas petition was therefore filed beyond the limitations period.

Marbra complains he did not receive timely notice of the Court's ruling on his appeal, and that after learning of the affirmance, he filed a pro se motion seeking leave to proceed with Motion for Rehearing Out-of-Time.  Marbra refers to Exhibit "A", which is a copy of the docket of the State Court which reflects the filing on 12/13/2004 of "Motion # 2004-3973 Appellant's Motion for Enlargement of Time to file Motion for Rehearing."  That document is the motion filed by Marbra's attorney, not a pro se motion.  Marbra states the motion was denied December 20, 2004.  The docket he attached as his exhibit shows the order denying this motion was entered December 15, 2004.  Marbra's contention that, under the prison mailbox rule, his habeas petition must be deemed filed March 8, 2006, and that he should be allowed "equitable tolling" for such period, is of no moment, since the Court has accepted the March 8, 2006 filing date in considering the timeliness of his petition.

Marbra also claims he is entitled to equitable tolling for the delay in his being advised of the denial of his appeal by the Court of Appeals.  Equitable tolling applies only "in rare and exceptional circumstances."  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The undersigned finds Marbra has failed to carry his burden of proof on the issue of equitable tolling.  But even if Marbra were found entitled to equitable tolling from November 2, 2004 until December 13, 2004, his petition would still be filed beyond the one-year statute of limitations.[4]

---

[4] If Marbra were afforded equitable tolling for the delayed notice, the statute of limitations for federal habeas relief would have expired December 13, 2005 in the absence of a properly filed post-conviction motion in state court.  Even if Marbra were afforded tolling for the time while his motions for rehearing were pending, his

Marbra further urges the limitations period should be tolled for the time while his motions regarding rehearing were pending. While the Court does not find such pleadings to constitute "a properly filed application for post-conviction relief or other collateral review," which would trigger the tolling provision of 28 U.S.C. § 2244(d)(2), it would avail Marbra nothing even if the Court accepted his premise. The first motion for extension of time to file for rehearing, filed December 13, 2004, was denied December 15, 2004, a maximum tolling of two (2) days. His second motion, filed December 20, 2004, was denied January 5, 2005, a maximum tolling of 16 days. Even if this period were not counted toward the limitations period, Marbra's petition would still be too late. Furthermore, the Court notes that Marbra has shown absolutely no impediment to his properly filing an application for state post-conviction relief within one year from the date his judgment became final – an act which *would* have tolled the limitations period during its pendency.

## NEED FOR AN EVIDENTIARY HEARING

When, as here, a petitioner for relief under 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, petitioner's claims in this case do not merit an evidentiary hearing.

## **RECOMMENDATION**

Upon due consideration of the Petition, pleadings on file and the relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that [5] the Respondent's

---

time for filing a federal habeas petition would have expired December 29, 2005. None of the equitable tolling to which he claims entitlement would bring his March 8, 2006 habeas petition within the one-year limitations period.

motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), is well-taken and should be **GRANTED**, and that Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DISMISSED** for failure to timely file the petition.

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 22nd day of November, 2006.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE