**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DAVID MARBRA #L668**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 1:06cv222LG-JMR**

**LAWRENCE KELLY, ET AL.**     **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause comes before the Court on the Report and Recommendation of Chief United States Magistrate Judge John M. Roper [13-1] entered in this cause on November 22, 2006. The record reveals that while Plaintiff requested and was granted additional time to file objections to the Report and Recommendations, to date no response has been filed. Accordingly, the Court finds that the Magistrate Judge properly recommended that Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus be granted pursuant to 28 U.S.C. 2244(d). After referral of hearing by this Court, no objections having been filed, and the Court, having fully reviewed the same as well as the record in this matter, and being duly advised in the premises, finds that said Proposed Findings of Fact and Recommendations should be adopted as the opinion of this Court.

Marbra's petition is governed by the Antiterrorism and Effective Death Penalty Act [AEDPA] of 1996. *See Green v. Johnson* 116 F.3d 1115, 1119-20 (5th Cir. 1997). The AEDPA, 28 U.S.C. § 2244(d)(1), instituted a limitation period for filing habeas petitions and provides in pertinent part as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of: (A) the date on which the

  judgment became final by the conclusion of direct review or the expiration of
  the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

  A petitioner's *pro se* status, illiteracy, deafness, or lack of legal training, among other reasons, do not excuse the untimely filing of a habeas petition.  *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied* 531 U.S. 1164 (2001).  The one-year statute of limitations on habeas petitions begins to run when the judgment of conviction becomes final, not when the petitioner becomes aware that the judgment is final.  28 U.S.C. § 2244(d)(1)(A); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002).

  **IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation of Chief Magistrate Judge John M. Roper entered on November 22, 2006, [13-1] be, and the same hereby is, adopted as the finding of this Court.

  **IT IS FURTHER, ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss filed May 10, 2006, [5-1] should be, and is hereby, **GRANTED**.  A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

  **SO ORDERED AND ADJUDGED** this the 12th day of January, 2007.

                s/ *Louis Guirola, Jr.*
                LOUIS GUIROLA, JR.
                UNITED STATES DISTRICT JUDGE